**WAJDA LAW GROUP, APC**
Nicholas M. Wajda (Nev. Bar No. 11480)
871 Coronado Center Drive
Suite 200
Henderson, Nevada 89052
+1 702-900-6339
nick@wajdalawgroup.com

*Attorney for the Plaintiff*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| DALE W. WAYMAN,<br><br>          Plaintiff,<br><br>  v.<br><br>FBCS, INC.,<br><br>          Defendant. | Case No. 2:21-cv-00885<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692** *et seq.*<br><br>**JURY TRIAL DEMANDED** |

**NOW COMES**, DALE W. WAYMAN, through counsel, WAJDA LAW GROUP, APC, complaining of FBCS, INC., as follows:

## NATURE OF THE ACTION

1. This action seeks redress for FBCS, INC.'s violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

4. DALE W. WAYMAN ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Las Vegas, Nevada.

1

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. FBCS, INC. ("Defendant") is a corporation organized under the laws of Pennsylvania.

7. Defendant maintains its principal place of business at 330 South Warminster Road, #353, Hatboro, Pennsylvania.

8. Defendant specializes in debt collection and collects debts on behalf of others nationwide.

9. Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6) because (1) it uses instrumentalities of interstate commerce and the mail in the course of collecting consumer debt; (2) the principal purpose of Defendant's business is the collection of debt owed or due or asserted to be owed or due another; and (3) it regularly collects consumer debt owed to others.

**FACUTAL ALLEGATIONS**

10. At some point, Plaintiff applied for and obtained a line of credit issued by Orchard Bank/Capital One, N.A. ("Orchard").

11. Plaintiff made various charges for personal purposes on the Orchard credit card, amassing a balance.

12. Due to financial hardship, Plaintiff fell behind on his monthly payments on the Orchard credit card.

13. Eventually, Plaintiff's account fell into default status with an outstanding balance of $855.89 ("subject debt").

14. The subject debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

15. Shortly thereafter, Cavalry SPV I, LLC purchased the subject debt from Orchard Bank/Capital One, N.A. and placed the subject debt with Defendant for collection.

16. On or around February 5, 2021, Defendant sent Plaintiff a written correspondence regarding the subject debt ("Defendant's Letter").

17. Defendant's Letter depicted, in pertinent part:

> **fbcs** consumer contact solutions
>
> Office Hours:
> Mon-Fri: 9:00 am through 7:00 pm EST
> Sat: 9:00 am through 12:30 pm EST
> Toll Free: 1-866-594-8651
>
> Office Address:
> 330 S. WARMINSTER RD.
> SUITE 353
> HATBORO, PA 19040
>
> | Company Name: | Date: | Current Creditor: | | Original Creditor: |
> |---|---|---|---|---|
> | FBCS | 02/05/2021 | Cavalry SPV I, LLC | | Capital One, N.A./Orchard |
> | **Original Account #:** | **Current Creditor Account #:** | **Outstanding Balance:** | | **FBCS File#:** |
> | XXXXXXXXXXXX5514 | 18885314 | $855.83 | | 225716755 |
>
> Dear DALE W WAYMAN,
>
> Interested in saving $599.09?
>
> Cavalry SPV I, LLC, has authorized us to accept a reduced amount to resolve your account.
>
> | Option 1 | Option 2 | Option 3 |
> |---|---|---|
> | Pay the reduced amount of $256.74 to us in one payment due 03/31/2021 | Pay $51.35 as a down-payment by 03/31/2021 and the remaining balance of $205.39 thirty days after your first payment is received. | You may have an opportunity to split your reduced amount into 2 payments of $128.37 each. Call our office or log on to our website for details. |
>
> CALLING FOR FURTHER INFORMATION OR MAKING A PAYMENT IS NOT A SUBSTITUTE FOR DISPUTING THE DEBT.
>
> Sincerely,
> Mike Sacco
>
> This is an attempt to collect a debt and any information obtained will be used for that purpose. This communication is from a debt collector.
>
> FBCS, Inc. is not obligated to renew this offer.
>
> The law limits how long you can be sued on a debt. Because of the age of your debt, our client cannot sue you for it, and we will not report it to any credit reporting agencies.

18. Defendant's Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

19. Defendant's Letter expressly state

20. Defendant's Letter expressly stated "This is an attempt to collect a debt and any information obtained will be used for that purpose. This communication is from a debt collector."

3

21. Defendant's Letter further stated, "CALLING FOR FURTHER INFORMATION OR MAKING A PAYMENT IS NOT A SUBSTITUTE FOR DISPUTING THE DEBT" (the "non-substitute phrase")

22. Defendant's Letter created uncertainty and confusion as Plaintiff was unable to determine if he was allowed to call into Defendant to dispute the debt.

23. As Plaintiff continued to read the letter, there was nothing provided as to what would be an acceptable way to dispute the subject debt.

24. Upon information and belief, Defendant specifically designed their letter Collection Letter to be ambiguous, confusing and misleading in order to coerce Plaintiff into calling Defendant so they could have an attempt to collect the subject debt over the phone.

## DAMAGES

25. Congress enacted the FDCPA to rein in certain "evils" associated with debt collection," *Bentrud v. Bowman, Heintz, Boscia & Vician, P.C.*, 794 F.3d 871, 874 (7th Cir. 2015), because existing legal remedies were, in its judgment, "inadequate to protect consumers." 15 U.S.C. § 1692(b).

26. To address those practices, the FDCPA imposes a "rule against trickery." *Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 480 F.3d 470, 473 (7th Cir. 2007); see also *O'Rourke v. Palisades Acquisition XVI, LLC*, 635 F.3d 938, 941 (7th Cir. 2011) (noting that the FDCPA's prohibitions "keep consumers from being intimidated or tricked by debt collectors").

27. The statute thus gives debtors a right to receive accurate information, which they can enforce against debt collectors by bringing suit under the FDCPA. See *Hahn v. Triumph P'ships LLC*, 557 F.3d 755, 757 (7th Cir. 2009) ("The [FDCPA] is designed to provide information that helps consumers to choose intelligently ... .").

28. The value of receiving truthful information about one's financial affairs—and the ill effects of receiving misleading information—may be hard to quantify.

29. But being lied to in violation of an anti-trickery statute like the FDCPA is a concrete harm nevertheless. See *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373-74, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982) (holding that a plaintiff "who has been the object of a misrepresentation made unlawful" by federal statute suffered an injury in fact and thus had Article III standing).

30. Defendant's Letter would not only be highly confusing to the unsophisticated consumer but would also be highly confusing to the most sophisticated consumer.

31. Simply put, Plaintiff was confused and mislead which impacted his ability to make an educated decision regarding the subject debt.

## CLAIMS FOR RELIEF

### Count I – Violations of Sections 1692e and e(10) of the FDCPA

32. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

33. Pursuant to §1692e of the FDCPA, a debt collector is prohibited from making "any false, deceptive, or misleading representation" in connection with the collection of a debt. 15 U.S.C. § 1692e.

34. Section 1692e(10) of the FDCPA prohibits a debt collector from using any false representation or deceptive means to collect or attempt to collet any debt. 15 U.S.C. § 1692e(10).

35. Although the word "confusing" does not appear in section 1692e, courts have "interpreted the FDCPA to prohibit confusing presentations." See *O'Boyle v. Real Time Resolutions, Inc.*, 910 F.3d 338, 343 (7th Cir. 2018). Under this standard, a letter might be literally true, but still be misleading or confusing. Id at 344.

36. Defendant's Letter violated 15 U.S.C. §§1692e and e(10) because it is highly confusing and ambiguous with respect to how and what would constitute a valid dispute.

37. Simply put, Defendant's letter conveys Plaintiff's rights regarding the subject debt in a confusing and contradictory manner.

38. In no uncertain terms, the language in Defendant's Letter would confuse the least sophisticated consumer and can result in mass consumer deception and confusion. See *Wade v. Reg'l Credit Ass'n*, 87 F.3d 1098, 1100 (9th Cir. 1996) (Court must judge the language of a dunning letter from the perspective of the "least sophisticated consumer.")

**WHEREFORE**, Plaintiff, DALE W. WAYMAN, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate Sections 1692e and e(10) of the FDCPA;
b. Awarding Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
c. Awarding the Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and
d. Awarding any other relief as the Honorable Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

DATED: May 6, 2021

Respectfully submitted,

DALE W. WAYMAN

By: */s/ Nicholas M. Wajda*
Nicholas M. Wajda
**WAJDA LAW GROUP, APC**
871 Coronado Center Drive
Suite 200
Henderson, Nevada 89052
+1 702-900-6339
nick@wajdalawgroup.com